*United States Attorney* RECEIVED
WILLIAM T. WALSH, CLERK
*District of New Jersey*

2003 SEP 11 A 11: 21

970 Broad Street, Suite 700          973/645-2700
Newark, NJ 07102

MG/NONCOOP.PLG
2003R00392

August 27, 2003

**UNITED STATES**

**FILED**

SEP 1 1 2003

**VIA FACSIMILE**

AT 8:30_____M
**WILLIAM T. WALSH
CLERK**

Weir & Plaza, LLC
321 Broad Street
Red Bank, New Jersey 07701
Attn.: Mr. Robert Weir, Esq.

*WITTMER*

Re: <u>Plea Agreement with William Whittmer</u>     *CR 03-639*

Dear Mr. Weir:

This letter sets forth the full and complete **revised** agreement between your client, William Whittmer, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from William Whittmer to a one count information, which charges defendant with using a facility of interstate commerce to entice a minor, namely D.N.E. to engage in sexual activity for which a person can be charged, specifically, the use of a minor to create visual depictions of sexual activity, in or about March 2002, contrary to 18 U.S.C. §2251, in violation of 18 U.S.C. §§ 2422(b) and 2. If William Whittmer enters a guilty plea and is sentenced on this charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against William Whittmer for traveling interstate to have sexual intercourse with a minor, namely D.N.E., or the production and/or distribution of child pornography relating to D.N.E.,from March 2002 through January 2003. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by William Whittmer may be commenced against him, notwithstanding the expiration of the limitations period after William Whittmer signs the agreement. William Whittmer agrees to waive any statute of limitations with respect to any crime that would otherwise expire after William Whittmer signs the agreement.

Certified as a true copy on
This Date: 3/30/07
By_____
( ) Clerk
( ✓ ) Deputy

Sentencing

The violation of 18 U.S.C. § 2422(b) to which William Whittmer agrees to plead guilty carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon William Whittmer is within the sole discretion of the sentencing Judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742 and the United States Sentencing Guidelines. The sentencing Judge may impose the maximum term of imprisonment and maximum fine that are consistent with the Sentencing Reform Act and the Sentencing Guidelines, up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States Sentencing Guidelines may impose a minimum term of imprisonment and/or fine, and may authorize departure from the minimum and maximum penalties under certain circumstances. This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to William Whittmer, or as to what sentence William Whittmer ultimately will receive.

Further, in addition to imposing any other penalty on William Whittmer, the sentencing judge: (1) will order William Whittmer to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order William Whittmer to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583 and § 5D1.2 of the Sentencing Guidelines, must require William Whittmer to serve a term of supervised release of at least two years and up to three years, which will begin at the expiration of any term of imprisonment imposed. Should William Whittmer be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, William Whittmer may be sentenced to not more than three years' imprisonment, pursuant to 18 U.S.C. §3583(e)(3), in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, William Whittmer agrees to make full restitution, if any, for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on William Whittmer by the sentencing Judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing Judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing Judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of William Whittmer's activities and relevant conduct with respect to this case.

## Stipulations

This Office and William Whittmer agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing Judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or William Whittmer from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Appeal and Post-Sentencing Rights

The United States specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceedings involving post-sentencing motions or writs.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against William Whittmer. This agreement

does not prohibit the United States, any agency thereof (including the Internal Revenue Service, or any third party from initiating or prosecuting any civil proceeding against William Whittmer).

This agreement constitutes the full and complete agreement between William Whittmer and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: MICHAEL GARCIA
    Assistant U.S. Attorney

APPROVED:

CAROLYN A. MURRAY, Unit Chief
PUBLIC PROTECTIONS UNIT

I have received this letter from my attorney, Robert Weir, Esq., I have read it and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the parties. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED AND ACCEPTED:


William Whittmer                                    Date: 9-4-03


Robert Weir, Esq.                                   Date: 9-4-03
Attorney for William Whittmer

- 5 -